IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:08CR487–HEH
)
ANTWAIN WATKINS, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Antwain Watkins, a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 ("§ 2255 Motion" (ECF No. 41)) to vacate, set aside, or correct his sentence. In his § 2255 Motion, Watkins demands relief upon the following grounds:[1]

| | |
|---|---|
| Claim 1 | Watkins failed to receive the effective assistance of counsel. |
| | (a) Counsel failed to move to have the drugs retested until shortly before the original trial date. (Mem. Supp. § 2255 Mot. 1–2.) |
| | (b) Counsel failed to take notes or have transcribed the pretrial testimony of the Government "lab tech." (*Id.* at 3.) |
| | (c) Counsel failed to have crack cocaine adequately defined to the jury. (*Id.* at 3–4.) |
| Claim 2 | Counsel "failed to require the Government to make a finding as to whether the quantity of crack was below or above the five-gram threshold." (*Id.* at 7.) |
| Claim 3 | "Judicial abuse of discretion. [(a)] [The] Court failed to ask for lesser included or special verdict form. [(b)] Waived my right to be present [and] didn't allow full retest." (§ 2255 Mot. 5.) |
| Claim 4 | The "Government never proved its burden. Never proved drug amount or type." (*Id.* at 6.) |

---

[1] The Court has corrected the capitalization in the quotations to Watkins's submissions.

The United States has responded. (ECF No. 43.) Watkins has replied. (ECF No. 51.) The matter is ripe for judgment.

## I. Procedural History

On November 6, 2008, a grand jury charged Watkins with distribution of five grams or more of cocaine base (Count One) and distribution of a detectable amount of cocaine hydrochloride (Count Two). (Indictment (ECF No. 1) 1.) Watkins's jury trial was set for January 20, 2009. (ECF No. 10, at 1.) On January 14, 2009, Watkins moved to reschedule the trial date so that he could retest the crack cocaine that was the subject of Count One. (Motion to Reschedule Trial Date (ECF No. 13) 1.) The Court granted the motion. (ECF No. 14, at 1.)

On February 2, 2009, the Court conducted a hearing on Watkins's Motion for Independent Drug Retesting. (ECF No. 16.) At the hearing, Rashita Weathers testified as to the procedures the Drug Enforcement Administration Mid-Atlantic Laboratory employed in testing the drugs that were the subject of Counts One and Two. (*See* Feb. 2, 2009 Tr. 4–13.) Ms. Weathers did not conduct the actual analysis of the drugs, but she reviewed the notes of the forensic chemist, Tara Remagen, who conducted the analysis. (Feb. 2, 2009 Tr. 5–6.) At the conclusion of the hearing, the Court granted in part the Motion for Independent Drug Retesting. (ECF No. 19, at 1–2.)

On February 18, 2009, the Government filed notice of its intent to seek an enhanced sentence under 21 U.S.C. § 851. (ECF No. 23, at 1–2.)

The evidence at trial reflected that Sergeant Anthony Ellington employed a confidential source ("CS") to purchase drugs from Watkins on two occasions. On

September 12, 2008, the CS purchased seven grams of cocaine from Watkins. (Feb. 19, 2009 Tr. 91–93.) On September 17, 2008, the CS attempted to arrange a purchase of seven grams of crack from Watkins. (Feb. 19, 2009 Tr. 93–94.) Watkins told the CS that he could provide him with "6.2 or 6.4 grams of crack, and he would give [the CS] the rest in powder [cocaine]." (Feb. 19, 2009 Tr. 94.) The CS then purchased the drugs from Watkins. (Feb. 19, 2009 Tr. 94.) During the course of the transaction, Watkins placed what he represented to be crack in one bag and the powder cocaine in a separate bag. (Feb. 19, 2009 Tr. 95.) The CS turned those substances over to Sergeant Ellington. (Feb. 19, 2009 Tr. 94.)

The parties stipulated that the drugs Watkins sold to the CS on September 12, 2008 consisted of 4.951 grams of cocaine hydrochloride. (Feb. 19, 2009 Tr. 176.) Tara Remagen, a senior forensic chemist with the Drug Enforcement Administration testified for the prosecution. (Feb. 19, 2009 Tr. at 146.) Ms. Remagen tested the drugs Watkins sold to the CS on September 17, 2008 and found the drugs consisted of 5.1 grams of cocaine base. (Feb. 19, 2009 Tr. 148–68.) Remagen's testing revealed that all the drugs Watkins had provided the CS on September 17, 2008 were cocaine base. (Feb. 19, 2009 Tr. 152–55.) The jury convicted Watkins of both counts charged in the Indictment. (Jury Verdict (ECF No. 26) 1.) The Court sentenced Watkins to 125 months of imprisonment. (J. (ECF No. 29) 2.)

Watkins appealed. The United States Court of Appeals for the Fourth Circuit rejected Watkins's argument that this Court "erred in failing to instruct the jury on the lesser included offense of distribution of less than five grams of crack cocaine, and that

3

the court should have ensured that the verdict form allowed the jury the option of finding him guilty of the lesser offense." *United States v. Watkins*, 375 F. App'x 319, 319 (4th Cir. 2010). The Fourth Circuit affirmed Watkins's conviction. *Id.* at 320.

## II. Claim Raised on Direct Review

Claim 3(a) is barred from review here because the Fourth Circuit rejected this claim on direct review. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Accordingly, Claim 3(a) will be dismissed.

## III. Sufficiency of the Evidence

In Claim 4, Watkins contends that the Government failed to introduce sufficient evidence to prove the types and amounts of drugs Watkins was found to have distributed. A challenge to the sufficiency of the evidence succeeds only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. *Id.* at 318. Considered in the light most favorable to the prosecution, the record evidence amply supported that Watkins distributed cocaine to the CS on September 12, 2008 and in excess of five grams of cocaine base on September 17, 2008. *See supra* Part I. Accordingly, Claim 4 will be dismissed.

4

## IV. Alleged Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Pretrial Proceedings

In Claim 1(a), Watkins faults counsel for failing to have the drugs seized from his person retested until shortly before the original trial date. Watkins contends that:

> had counsel prepared for trial and or properly investigated defendants lab report then we would have had known more about the drugs weeks prior to trial instead of a mere day before trial. Which would have left me the option to plead guilty with a statutory minimum of five years rather than ten years. Moreover, government made it clear at first that they would not seek 851 unless I went to trial.

(Mem. Supp. § 2255 Mot. 2 (punctuation corrected).) Watkins fails to demonstrate any actual prejudice as a result of counsel's tardiness. First, it is undisputed that the Government pursued an enhanced sentence as a result of Watkins's decision to go to trial, not as a result of any tardiness by counsel in seeking to have the drugs retested. Second, Watkins fails to allege, must less demonstrate, that he would have pled guilty had counsel sought retesting of the drugs with greater alacrity.[2] *Cf. Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (requiring a convicted defendant to allege that he would have acted differently with respect to pleading guilty or not guilty had he received better advice from counsel). Finally, the Court notes that Watkins's 125–month sentence flowed from the advisory United States Sentencing Guidelines and the Court's discretion, rather than from the statutory minimum sentence. (Presentence Report ¶ 60.) Accordingly, Claim 1(a) will be dismissed.

In Claim 1(b), Watkins complains that counsel should have taken notes or had transcribed the pretrial testimony of the Government "lab tech," Rashita Weathers. (Mem. Supp. § 2255 Mot. 3.) Watkins contends that if counsel had

> taken any notes at the hearing he could have used them to impeach Mrs. Remagen at trial. Because their testimony was sharply contradicting, and inconsistent considering that they were reading and testifying from the same notes. Mrs. Weathers testified to at least five test[s] that were done including a hexane test that showed sodium bicarbonate a base. . . . However Mrs. Remagen using same notes testified to only a few test[s]

---

[2] Watkins alleges that he told counsel "that he would plead to less than five grams or guilty if retest came back saying that DEA lab was correct in their findings." (Pet'r's Reply 3.)
No evidence suggests that Watkins enjoyed the option to plead guilty to distributing less than five grams of cocaine base. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1387 (2012) (observing a defendant cannot demonstrate prejudice with respect to a plea offer, "[i]f no plea offer is made").

neither of them a hexane test that found sodium bicarbonate which is a base.

(Pet'r's Reply 4 (punctuation corrected).) Regardless of any variations in their testimony, both Remagen and Weathers consistently testified that the drugs tested from the September 17, 2008 transaction consisted of 5.1 grams of cocaine base. Therefore, Watkins fails to demonstrate any prejudice flowing from counsel's failure to take notes or have the February 2, 2009 hearing transcribed. Accordingly, Claim 1(b) will be dismissed.

**B.    Trial**

In Claim 1(c), Watkins contends that counsel failed to have "crack" adequately defined to the jury. (Mem. Supp. § 2255 Mot. 3–4.) In Claim 2, Watkins faults counsel for failing "to require the Government to make a finding as to whether the quantity of crack was below or above the five-gram threshold." (*Id.* at 7.) Watkins fails to suggest how further instructions defining cocaine base or crack could have resulted in a different outcome. Moreover, the jury instructions required the jury to find beyond a reasonable doubt "that the defendant knowingly and intentionally distributed five grams or more of a mixture and substance containing a detectable amount of cocaine base as described in Count 1 of the indictment." (Feb. 19, 2009 Tr. 213.) Finally, the evidence persuasively demonstrated that the substance involved in the September 17, 2008 transaction was cocaine base/crack and the amount exceeded five grams. Accordingly, Watkins fails to demonstrate prejudice. Claims 1(c) and 2 will be dismissed.

7

## V. Alleged Abuse of Discretion by the Court

In Claim 3(b), Watkins complains the Court abused its discretion when, at the February 2, 2009 hearing, the Court "[w]aived [his] right to be present [and] didn't allow full retest." (§ 2255 Mot. 5.) A defendant has a due process right to be present at proceedings whenever his presence has a reasonable relation to his ability to defend against the charge. . However, the record specifically shows that counsel, not the Court, waived Watkins's presence at the hearing. *United States v. Riddle*, 249 F.3d 529, 534–35 (6th Cir. 2001); *United States v. Gagnon*, 470 U.S. 522, 526 (1985). Accordingly, this aspect of Claim 3(b) lacks merit. *See United States v. Goff*, 400 F. App'x 1, 18–19 (6th Cir. 2010) (permitting counsel to waive defendant's right to be present). Additionally, Watkins complains that the Court failed to allow him a "full retest." (§ 2255 Mot. 5.) Apparently, Watkins feels he should have been allowed to retest the full quantity of drugs involved in the September 17, 2008 distribution. Watkins fails to demonstrate he had any right to retest the full quantity of drugs or that such a test would have resulted in an acquittal. Accordingly, Claim 3(b) will be dismissed.

## VI. Conclusion

The § 2255 Motion (ECF No. 41) will be denied. Watkins's Motion to Strike the Government's Reply (ECF No. 50) will be denied. The action will be dismissed. An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Watkins has not satisfied this standard. A certificate of appealability will be denied.

    An appropriate Final Order will follow.

                                        /s/
                          HENRY E. HUDSON
                          UNITED STATES DISTRICT JUDGE

Date: Oct. 1, 2013
Richmond, Virginia